**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TARIQ MAHMUD** | **CIVIL ACTION NO. 26-0107** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **WARDEN RIVER CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## <u>MEMORANDUM ORDER</u>

Petitioner Tariq Mahmud,[1] a detainee at River Correctional Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

## <u>Background</u>

Petitioner is a citizen of Bangladesh. [doc. # 1, p. 10]. He was taken into immigration custody on July 25, 2024, and he was assigned expedited removal. *Id.* at 4, 10.

On February 12, 2025, an immigration judge ordered Petitioner removed from the United States of America but granted Petitioner withholding of removal to Bangladesh. [doc. # 1, pp. 4, 10]. Petitioner did not appeal to the Board of Immigration Appeals. *Id.*

Petitioner filed this petition on approximately January 2, 2026. [doc. # 1, p. 8]. Stating that he has been detained for eighteen months, he first claims that "no neutral decisionmaker has conducted a hearing to determine whether this lengthy incarceration is warranted based on

---

[1] Petitioner states that his "A-Number" is 242-417-195.

danger or flight risk." *Id.* at 6.  He maintains that the failure to conduct a bond hearing violates his right to procedural due process under the Fifth Amendment.  *Id.* at 19-27, 31.

Next, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), he claims that ICE refuses to release him even though there are "no possible removal destinations demonstrated or any viable removal plan."  [doc. # 1, pp. 6, 10, 17].  His removal is "not reasonably foreseeable."  *Id.* at 10. He states that "it is exceedingly unlikely that ICE will identify an alternative country to which it can remove [him]."  *Id.* at 17.  According to Petitioner, "ICE only managed to remove to third countries approximately three percent of non-citizens granted withholding and CAT relief in FY 2019 and 2020."  *Id.*  He adds, "Given this history, it strains credulity to think that ICE will be able to remove Petitioner to a random collection of alternative countries that have recently and repeatedly declined to accept the deportation of similarly situated individuals."  *Id.*

Petitioner seeks release from detention or a bond hearing before an immigration judge. [doc. # 1, p. 7].

## Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 1], Exhibit, [doc. # 1-1], and a copy of this Memorandum Order by certified mail on the named Respondents **and** the United States Attorney for the Western District of Louisiana.

**IT IS ORDERED** that Respondents answer the Petition within **21 days** following the date of service.  Respondents shall include evidence indicating whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and whether Petitioner's detention is otherwise lawful.  Respondents shall also include information regarding the length of time that Petitioner has been in custody, the date he entered the United States, his statutory

and/or regulatory classification both when he entered the United States and now, the statute under which he is presently detained, the date he was ordered removed, the date on which his removal order became final, and all documents relevant to any efforts made by officials to obtain travel documents for Petitioner and remove Petitioner.  Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

**IT IS FURTHER ORDERED** that Petitioner shall have **14 days** following the filing of Respondents' response to file a reply and produce evidence concerning the lawfulness of his detention.

**IT IS FURTHER ORDERED** that as a condition of their acceptance by the Clerk of Court, all future filings by the parties shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing.  If no hearing is necessary, the undersigned will issue a Report and Recommendation without further notice.

In Chambers, Monroe, Louisiana, this 20th day of January, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge