UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TARIQ MAHMUD #A242-417-195** | **CIVIL ACTION NO. 26-107 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN RIVER CORRECTIONAL CENTER ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 7). The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking ex parte injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition right now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, 2025 WL 3769302 at *1 (W.D. Tex. Oct. 30, 2025). Thus, insofar as the preliminary relief sought—Petitioner's release from detention and/or a bond hearing—mirrors the ultimate relief sought in the habeas Petition (R. Doc. 1), the Motion is **DENIED**. The case will proceed in due course before the Magistrate Judge.

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 7) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 9th day of March, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**